IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Joseph E. Gourley,<br>Plaintiff, | ) ) ) | SA11CA1058 FB<br>Case No. _____ |
| v. | ) ) ) | JURY DEMAND |
| Eggemeyer Land Clearing, LLC,<br>Defendant | ) ) | |

## Complaint and Jury Demand

Now comes Plaintiff, by and through his counsel, and for Complaint against the Defendant, states as follows:

### I. PARTIES AND JURISDICTION

1. At all times relevant hereto, Plaintiff, Joseph E. Gourley has resided at 524 Gatewood Briar, Cibolo, Guadalupe County, Texas. He was at all times pertinent hereto an employee engaged in commerce within the meaning of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 203(e)(1) and 206(a).

2. At all times relevant hereto, Defendant Eggemeyer Land Clearing, LLC. was a Texas limited liability company authorized to and doing business in Texas.

3. At all times releveant hereto, Defendant Eggemeyer Land Clearing, LLC was an employer engaged in commerce within the meaning of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 202(a), 203(b), and (d) and s(1)(A)(i) and (ii). For the remainder of Plaintiff's Complaint it will be referred to as "Defendant."

4. This Court has jurisdiction over this matter as this matter involves a federal question based upon the Fair Labor Standards Act (FLSA), 29 U.S.C. §201, et. seq.

5. The San Antonio Division of the Western District of Texas is the proper venue for this action pursuant to 28 U.S.C. §1391 (b)(1) and (b)(2) because this is the District and Division in

which Joseph E. Gourley resides and in which a substantial part of the events or omissions giving rise to the claims occurred.

## II. STATEMENT OF FACTS

6. Defendant's business, in part, consists of clearing its customer's land of brush and other unwanted vegetation. It, on a daily basis, utilizes public roadways to transport its employees, equipment and vehicles to its customer's locations. It also uses the telephone and United States Postal Service to communicate with its employees and customers.

7. Plaintiff, Joseph E. Gourley was employed by Defendant on or about June 22, 2011 and terminated on October 4, 2011. He was initially employed as an equipment operator at an hourly rate of $13.50. His hourly rate was subsequently increased to $14.50. In weeks in which he worked more than 40 hours, Plaintiff was paid his regular hourly rate for 40 hours. Any time in excess of 40 hours was paid at Plaintiff's then regular hourly rate, but was purposefully mischaracterized as "mileage."

8. When he was terminated Plaintiff had worked 89.75 hours of overtime when his hourly rate was $13.50 and 47.50 hours of overtime when his hourly rate was $14.50.

## COUNT I
## FAILURE TO PAY OVERTIME

9. The allegations contained in paragraphs 1 through 8, inclusive, are hereby incorporated by reference.

10. Pursuant to 29 U.S.C. 207(a)(1), no employer shall employ an employee engaged in commerce more than forty(40) hours in a workeek unless such employee receives compensation for his employment in excess of forty (40) hours at a rate of not less than one and one-half times the regular rate at which he is employed. Accordingly, Plaintiff is entitled to additional compensation of $950.29.

## COUNT II
## LIQUIDATED DAMAGES

11. The allegations contained in Paragraphs 1 through 8, inclusive, are hereby incorporated by inference.

12. Pusuant to 29 U.S.C. 216(b), an employer who violates the provisions of 29 U.S.C. 207, is liable to its employee in the amount affected in the amount of his unpaid overtime compsenation, an additional amount as liquidated damages. Accordingly, Plaintiff is entitled to additional compensation of $950.29 as liquidated damages.

## COUNT III
## ATTORNEY'S FFES

13. The allegations contained in paragraphs 1 through 8, inclusive, are hereby incorporated by reference.

14. Prior to filing the complaint herein, Plaintiff made demand upon Defendant for payment of his unpaid overtime compensation, liquidated damages and attorney's fees. Defendant refused and continues to refuse to pay Plaintiff as demanded. Accordingly, Plaintiff employed the services of the undersigned attorney to pursue this claim and agreed to pay him reasonable and necessary attorney's fees.

15. Purusant to 29 U.S.C. 216(b), in an action against an employer who violates the provisions of 29 U.S.C. 207, the court shall, in addition to any judgment awarded to a plaintiff, allow a reasonable attorney's fee to be paid by Defendant and costs of the action. Accordingly, Plaintiff seeks the recovery of a reasonable attorney's fee and costs of the action.

## RELIEF SOUGHT

Plaintiff seeks the following relief:

A. Unpaid compensation for overtime wages in the amount of $950.29;

B. An additional amount of $950.29 in liquidated damages as mandated by 29 U.S.C. 216(b);

C. A reasonable attorney's fee;

D. Costs of the action;

E. A conditional award of an additional attorney's fee in the event of an appeal by Defendant;

F. Such other releif, legal or equitable, as may be warranted; and

G. Pre and post-judgment interest.

WHEREFORE, Plaintiff requests that upon trial of this cause, that Plaintiff have judgment as authorized by law, and Plaintiff further requests general relief.

Respectfully submitted,

_____
Oscar H. Villarreal
State Bar No. 20583900
6800 Park Ten Blvd., Ste. 244-E
San Antonio, Texas 78213
(210) 228-0871 Telephone
(210) 228-0144 Telecopier
ohv@vmrlaw.com

**ATTORNEY FOR PLAINTIFF**